UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                  Case No. 19-20693-BC

v.

                                                  Hon. Thomas L. Ludington

TARIK OMAR JONES,                    United States District Judge

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO REVOKE ORDER OF DETENTION AND SEEKING PRE-TRIAL RELEASE**

On October 16, 2019, Defendant Tarik Omar Jones was indicted on one count of felon in possession of a firearm. ECF No. 1. On October 21, 2019, he consented to detention pending trial. ECF No. 5. His trial is scheduled for June 9, 2020.

**I.**

On April 15, 2020, Defendant filed a motion for bond. ECF No. 11. He represents that he has high blood pressure and asthma, making him vulnerable to the spreading COVID-19 virus. *Id.* at PageID.34. He claims that the staff at Isabella County Jail have not been responsive to his health needs, citing two occasions in which he experienced shortness of breath and tightness in his chest. *Id.* Defendant represents that as of April 14, 2020, there were 42 cases of COVID-19 in Isabella County, though none reported in Isabella County Jail.

**II.**

The United States is facing an unprecedented challenge with the novel coronavirus pandemic. The Governor of Michigan explained that "[t]he novel coronavirus (COVID-19) is a respiratory disease that can result in serious illness or death. It is caused by a new strain of

coronavirus not previously identified in humans and easily spread from person to person. Older adults and those with chronic health conditions are at particular risk, and there is an increased risk of rapid spread of COVID-19 among persons in close proximity to one another. There is currently no approved vaccine or antiviral treatment for this disease." E.O. 2020-21. The Governor has issued a "Stay Home, Stay Safe" order which closed all non-essential businesses and requires Michigan residents to stay home, unless they are essential workers, or meet certain exceptions. *Id.* Michigan has the third highest number of cases of COVID-19 in the nation. *Coronavirus in the U.S.: Latest Map and Case Count*, The New York Times, https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html (last updated Apr. 7, 2020).

In an effort to contain the spread of the virus, Governor Whitmer has implemented temporary procedures for Michigan Department of Corrections facilities. E.O. 2020-29. In addition, the CDC's Interim Guidance for detention facilities explain that "[t]here are many opportunities for COVID-19 to be introduced into a correctional or detention facility, including daily staff ingress and egress; transfer of incarcerated/detained persons between facilities and systems, to court appearances, and to outside medical visits; and visits from family, legal representatives, and other community members." CDC, *Guidance for Correctional & Detention Facilities*, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited Apr. 7, 2020). The CDC provides extensive guidance for correctional facilities to decrease the probability of a COVID-19 outbreak in their facility. *Id.*

### III.

The Bail Reform Act provides that

> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.
> 18 U.S.C. § 3142(e)(1)

If the detention decision was made by a magistrate judge, "the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment to the order." 18 U.S.C. § 3145(b). District Court review of a magistrate judge's detention order is de novo. *U.S. v. Koubriti*, 2001 WL 1525270 at *5 (E.D. Mich. Oct. 16, 2001).

"The judicial officer shall order the pretrial release of the person on person recognizance, or upon execution of an unsecured appearance bond [subject to certain conditions], unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). If a judicial officer finds by clear and convincing evidence that no conditions "will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial. *Id.* at (e), (f). The factors relevant to the determination are: "the nature and circumstances of the offense charged," "the weight of the evidence against the person," "the history and characteristics of the person," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* at (g).

Specifically related to COVID-19, Chief Judge Hood issued an administrative order explaining "[b]ecause of the exigent circumstances created by the novel coronavirus, the COVID-19 pandemic, and related coronavirus health conditions, the Centers for Disease Control and Prevention (CDC) and numerous federal and state governmental agencies have ordered measures to reduce person-to-person contact." 20-AO-024. She set out a procedure for motions to review

detention orders: Defense counsel should first seek concurrence from opposing counsel, if no agreement is reached, a motion must be filed, and the government must respond within 72 hours. *Id.* However, the order does not amend the underlying legal tests that must be applied for each defendant.

### IV.

The COVID-19 pandemic is real and the threat to individual in detention centers must be acknowledged. There is an effort to release individuals who do not pose a risk to the public and who are more vulnerable to coronavirus from incarceration. *Barr Expands Early Release of Inmates at Prisons Seeing More Coronavirus Cases*, The New York Times, https://www.nytimes.com/2020/04/03/us/politics/barr-coronavirus-prisons-release.html (Apr. 3, 2020). However, the public health crisis does not change the legal standards for detention of individuals.

In the current case, Defendant was charged with felon in possession of a firearm. At the time of the incident, he was on felony probation for a conviction of being an accessory after the fact to a felony that was originally charged as a conspiracy to commit premeditated murder. In addition, Defendant has multiple convictions from the past twenty years for drug distribution. This long history of criminal conduct demonstrates a regular disregard of the law. Defendant's current charges and his criminal history demonstrate that if released, he cannot be trusted to "appear as required" or to refrain from "endanger[ing] the safety of any other person or the community." 18 U.S.C. § 3142(b).

Furthermore, Defendant's incarceration at Isabella County Jail does not violate either his 5th Amendment or 8th Amendment rights. As of April 20, 2020, there are no confirmed cases of COVID-19 in the jail. The jail has implemented procedures to prevent the spread of the virus,

including suspending all visitations and programming, reducing the receipt of new inmates, increasing the screening of new inmates, furnishing inmates with additional cleaning supplies, and increasing the frequency of facility cleaning. ECF No. 14 at PageID.62-63. Though Defendant is housed in the same dorm as four other inmates, these are the only inmates with whom he has contact.

**V.**

Accordingly, it is **ORDERED** that Defendant's Motion to Revoke Order of Detention, ECF No. 11, is **DENIED WITHOUT PREJUDICE**.

Dated: April 23, 2020                    s/Thomas L. Ludington
                                         THOMAS L. LUDINGTON
                                         United States District Judge