UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

TARIK OMAR JONES,

        Defendant.
_____/

Case No. 1:19-cr-20693

Honorable Thomas L. Ludington
Magistrate Judge Patricia T. Morris

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

This matter is before the Court pursuant to Defendant's Motion for Reconsideration. ECF No. 38 at PageID.195. Defendant Tarik Omar Jones was indicted in October 2019 on one count of being a felon in possession of a firearm. He filed a motion to suppress the firearm as obtained in violation of the Fourth Amendment, but his motion was denied. ECF No. 35. Defendant now seeks reconsideration of this Court's Order Denying the Motion to Suppress. For the reasons set forth below, Defendant's Motion for Reconsideration will be denied.

**I.**

On October 16, 2019, Defendant Tarik Omar Jones was indicted with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). ECF No. 1. The Indictment stems from an October 2019 incident where police searched Defendant after initiating a traffic stop and discovered a firearm in his possession.

On May 5, 2020, Defendant filed a motion to suppress the firearm as obtained in violation of the Fourth Amendment. ECF No. 16. After an evidentiary hearing on April 15, 2021, Defendant's Motion to Suppress was denied.[1] In a written order issued on May 27, 2021, this Court

---

[1] The testimony provided at the hearing is discussed in this Court's Order Denying the Motion to Suppress. *See* ECF No. 35 at PageID.171–72.

explained that while the arresting officer had violated Defendant's Fourth Amendment rights by opening his driver-side door immediately after initiating the stop, Defendant freely and voluntarily consented to the search of his person that resulted in the discovery of the firearm. *See* ECF No. 35 at PageID.183–85.

Shortly after Defendant's Motion to Suppress was denied, new counsel entered an appearance on Defendant's behalf. ECF No. 37. On June 10, 2021, Defendant filed the pending Motion for Reconsideration. ECF No. 38.

**II.**

Pursuant to Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order. A motion for reconsideration will be granted if the moving party shows "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733–34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(h)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3); *see also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015). Furthermore, "[i]t is well-settled that parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014).

**III.**

In his Motion for Reconsideration, Defendant seems to argue that this Court erred by deciding the issue of consent without ordering a forensic examination of the dashcam video, which lacked audio of the exchange between Defendant and the arresting officer. ECF No. 38 at PageID.194. As relief, Defendant requests that this Court reconsider its prior decision and allow for "forensic inspection of the original recording, the vehicle from which [the recording] was extracted and any other tangentially related evidence." *Id.* at PageID.194–95.

Defendant's Motion for Reconsideration will be denied for three reasons.

First, Defendant has had access to the dashcam video since at least May 5, 2020, when his Motion to Suppress was filed. *See* ECF No. 16 at PageID.81 (discussing dashcam video). Despite this, neither Defendant nor his counsel requested a forensic examination of the dashcam video during the initial motion briefing, evidentiary hearing, or supplemental briefing. Defendant will not be permitted to raise an argument on a motion for reconsideration that could have been raised more than a year ago. *See Bank of Ann Arbor*, 563 F. App'x at 476.

Second, both counsel and this Court thoroughly explored the audio malfunction during the evidentiary hearing, and there was no indication of foul play. Admittedly, the timing of the malfunction would seem rather suspicious on first impression. Indeed, the audio on the dashcam video cuts away shortly after the arresting officer, Michigan State Police Trooper Patrick Miller, approaches Defendant's vehicle. But there is nothing beyond this unfortunate timing to suggest wrongdoing. Trooper Miller testified that it was his practice to test the audio and video on the dashcam before each shift and make a notation verifying that the dashcam was in working condition. He explained that it was not until sometime after the stop that he learned the audio had malfunctioned. While he could not identify the cause of the malfunction, he testified that it had

occurred previously. Trooper Miller's testimony was credible, and the video of the stop gives no indication that he turned off or otherwise tampered with the microphone. Defendant provides no reason to believe that a forensic examination would yield any evidence of wrongdoing.

Third, it is axiomatic that courts may weigh the credibility of witnesses in deciding whether consent was freely and voluntarily given and that such determinations are afforded substantial deference. *See United States v. Wooden*, 945 F.3d 498, 502 (6th Cir. 2019) ("[T]he responsibility for weighing conflicting testimony lies primarily with the district court, and its conclusions are given due respect."), *cert. granted on other grounds*, 141 S. Ct. 1370 (2021); *United States v. Montgomery*, 621 F.3d 568, 572 (6th Cir. 2010) ("In reviewing consent determinations, we defer to the district court's findings and credibility determinations . . . ."); *United States v. Cooke*, 915 F.2d 250, 252 (6th Cir. 1990) ("[T]he party attacking the judicial officer's credibility determination must do more than just allege that the parties told conflicting stories."). This Court explained its decision to credit Trooper Miller's testimony over Defendant's, *see* ECF No. 35 at PageID.180–81, and Defendant has identified no reason to believe that decision was an "obvious" or "clear" error, *Michalec*, 181 F. Supp. 2d at 734.

**IV.**

Accordingly, it is **ORDERED** that Defendant's Motion for Reconsideration, ECF No. 38, is **DENIED**.

Dated: June 28, 2021

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge